UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONI DROUIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT,<br><br>　　　　Defendant. | Case No.  15-cv-03694-KAW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 9 |

The Contra Costa County Sheriff's Department ("Defendant" or "Department") moves to dismiss Toni Drouin's ("Plaintiff") complaint.[1]  Plaintiff opposes the motion, which is now fully briefed and suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b).  The hearing currently set for November 19, 2015 is, therefore, VACATED.  For the reasons set forth below, the motion is GRANTED IN PART AND DENIED IN PART LEAVE TO AMEND.

## I.　　BACKGROUND

### A.　　Factual background

Plaintiff is partially paralyzed due to a spinal cord injury.  (Compl. ¶ 9, Dkt. No. 1.)  This is "readily apparent upon casual observation of [her] movements."  (*Id.*)  On March 13, 2015, Plaintiff was in the Department's custody and transferred from the Martinez Jail to a section of the West County Detention Center.  (*Id.* ¶ 8.)  The Martinez Jail had appropriate handicapped facilities, but the section of the West County Detention Center to which Plaintiff was transferred did not.  (*Id.*)

Before, during, and after processing, Plaintiff repeatedly informed someone about the

---

[1] On October 15, 2015, the parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  Dkt. Nos. 11, 12.

1 nature of her disability and stated that she needed a wheelchair in order to move about the jail.
2 (*Id.*) Plaintiff was given crutches, which she could not use safely, instead of a wheelchair. (*Id.* ¶
3 11.) On March 15, 2015, Plaintiff fell and broke her femur bone, which caused excruciating pain.
4 (*Id.* ¶ 12.) Plaintiff did not receive medical attention until four days later, despite her unbearable
5 pain and repeated pleas for medical care. (*Id.* ¶ 13.) As a result of severe infections from the
6 injury, Plaintiff has been hospitalized repeatedly, and the affected leg may need to be amputated.
7 (*Id.* ¶ 14.)

### B.  Procedural background

Plaintiff commenced this action on August 12, 2015, [2] alleging two causes of action. (Compl. ¶¶ 15-18.) In Count I, [3] she asserts a § 1983 claim against the Department for violation of her Eighth Amendment right to be free from cruel and unusual punishment. (*Id.* ¶¶ 15-16.) In Count II, she asserts § 1983 claim against certain Doe defendants, also for violation of her Eighth Amendment right to be free from cruel and unusual punishment. (*Id.* ¶¶ 17-18.)

Defendant moved to dismiss the complaint on October 14, 2015. (Def.'s Mot. to Dismiss ("Def.'s Mot."), Dkt. No. 9.) Plaintiff filed her opposition to the motion on October 28, 2015. (Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n"), Dkt. No. 19.) Defendant filed its reply on November 4, 2015. (Def.'s Reply in Support of Mot. to Dismiss ("Def.'s Reply"), Dkt. No. 21.)

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or

---

[2] Plaintiff proceeds in forma pauperis. Aug. 26, 2015 Order, Dkt. No. 6.

[3] Plaintiff has captioned her claims as separate "counts." The Court uses the same designation here for consistency and ease of reference.

there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### III. DISCUSSION

The Department moves to dismiss the complaint on two separate grounds. (Def.'s Mot. at 3-6.) First, the Department argues that it is not a separate legal entity and thus not a proper defendant in this case. (*Id.* at 4.) Second, the Department argues that Plaintiff has failed to allege a viable *Monell* claim. (*Id.* at 6.) Despite Plaintiff's arguments to the contrary, both grounds warrant dismissal of the complaint, albeit with leave to amend.

///

### A. The Department is not a proper defendant

The Department correctly argues that it is not a proper defendant in this case. (*See id.* at 4.) Municipal departments are "generally not considered 'persons' within the meaning of 42 U.S.C. § 1983." *Roy v. Contra Costa Cty.*, No. 15-cv-02672-TEH, 2015 WL 5698743, at *3 (N.D. Cal. Sept. 29, 2015) (citing *U.S. v. Kama*, 394 F.3d 1236, 1240-41 (9th Cir. 2005) (citing *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit."))).

Plaintiff appears to concede as much in her opposition, stating "Plaintiff acknowledges that the proper lead defendant in this action is Contra Costa County . . . there would obviously be no prejudice in permitting a simple amendment to the complaint, or better yet, by simply striking the words 'Sheriff's Department' as irrelevant or as surplusage wherever those words appear in the Complaint." (Pl.'s Opp'n at 5.)

Accordingly, this action is dismissed as against the Department. The Court, however, grants Plaintiff leave to amend her complaint so that she has the opportunity to pursue this action against the proper municipal defendant.

### B. Plaintiff has not alleged sufficient facts to state a viable *Monell* claim

Defendant also seeks dismissal of Plaintiff's complaint based on her failure to allege a viable *Monell* claim. (Def.'s Mot. at 4.) Specifically, the Department argues that Plaintiff has not sufficiently alleged a constitutional violation because she has not pled facts establishing that a Department employee was aware of Plaintiff's serious medical need and ignored that need and that Plaintiff has not alleged any allegations regarding any Department policy, whether that policy amounts to deliberate indifference to Plaintiff's constitutional rights, or how it caused her injuries. (*Id.* at 5-6.)

In her opposition, Plaintiff argues that she has adequately alleged a *Monell* claim. (Pl.'s Opp'n at 6-8.) While Plaintiff has adequately alleged a constitutional violation, she has not sufficiently alleged a basis for municipal liability. As discussed below, Plaintiff's complaint will be dismissed with leave to amend so that she can allege facts establishing liability on the part of Contra Costa County.

4

To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must establish: "(1) that the plaintiff possessed a constitutional right of which she was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and, (4) that the policy is the 'moving force behind the constitutional violation.'" *Plumeau v. School Dist. No. 40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (internal quotations, citations, and modifications omitted).

### 1. Plaintiff has sufficiently alleged a constitutional violation

"The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison and jail officials take reasonable measures for the safety of inmates." *Mirabal v. Smith*, No. C 12-3075 SI, 2012 WL 5425407, at *1 (N.D. Cal. Nov. 6, 2012) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "A prison or jail official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety." *Id.* (citing *Farmer*, 511 U.S. at 834).

"A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.* at 1059-60 (citations omitted).

To establish deliberate indifference, a plaintiff must allege that the defendant purposefully ignored or failed to respond to the prisoner's pain or possible medical need. *McGuckin*, 974 F.2d at 1060. Moreover, unless the delay or denial of treatment was harmful to plaintiff's health, mere delays in medical treatment do not give rise to a claim for deliberate medical indifference. *Id.*

In her complaint, Plaintiff alleges that her "transfer[] from Martinez Jail, which contained appropriate handicapped facilities, to a section of West County Detention Center, which did not,

5

1   evince[d] deliberate indifference to her medical needs."[4]  (Compl. ¶ 8.)  She also alleges that being

2   given crutches, which she could not use safely, "further evinc[ed] deliberate indifference to

3   Plaintiff's medical needs."  (*Id.* ¶ 11.)  Finally, she alleges that "each Defendant further acted with

4   deliberate indifference towards the medical needs of Plaintiff by failing to provide any medical

5   attention to Plaintiff for four (4) days following her injury, despite Plaintiff's unbearable pain and

6   repeated pleas for medical care."  (*Id.* ¶ 13.)

7   Though the Department argues that Plaintiff has not alleged facts sufficient to show that

8   any officer had objective or subjective knowledge that providing Plaintiff with crutches posed a

9   serious risk of injury, Plaintiff does allege that the partial paralysis due to her spinal cord injury

10  "was readily apparent upon casual observation of Plaintiff's movements."  (Compl. ¶ 9.)  She also

11  alleges that she repeatedly informed someone regarding the nature of her disability and her need

12  for a wheelchair in order to move inside the jail.  (*Id.* ¶ 10.)  She further alleges that she broke her

13  femur bone, that she repeatedly asked for medical care, and that she was not treated until four days

14  later, despite her unbearable pain and repeated pleas for medical care.  (*Id.* ¶¶ 12, 13.)

15  When taken as true, the Court may infer that, at a minimum, the jail officials with whom

16  Plaintiff spoke had both objective and subjective knowledge that providing Plaintiff with crutches

17  and later, delaying treatment for a broken leg, which may now need to be amputated, posed a

18  serious risk of harm.  *See, e.g.*, *Schafer v. Curry*, No. C 08-1881 RMW, 2009 WL 1562957, at *9

19  (N.D. Cal. June 3, 2009) (plaintiff survived summary judgment where he presented evidence that

20  at least some defendants were aware of his broken foot on the day the injury occurred, or shortly

21  thereafter, and they delayed treatment for seven days).

22  For these reasons, to the extent the Department seeks dismissal of Plaintiff's complaint on

23  the ground that she has not sufficiently alleged a constitutional violation, its motion is denied.  The

24  Court, however, will nonetheless grant the motion because, as discussed immediately below,

---

[4] The Department does not address this basis for Plaintiff's claim against the Department, or her claim against the individual Doe defendants in its opening brief, and by raising these issues for the first time in its reply, it has waived them.  *See Whiteway v. FedEx Kinkos Office & Print Servs., Inc.*, No. C 05-2320 SBA, 2007 WL 4531783, at *3 (N.D. Cal. Dec. 17, 2007) ("Courts decline to consider arguments raised for the first time in reply.") (citations omitted).

Plaintiff has not alleged facts establishing a basis for *Monell* liability.[5]

### 2. Plaintiff has not adequately alleged facts regarding a policy or custom

Under earlier Ninth Circuit authority, "a claim of municipal liability under section 1983 [wa]s sufficient to withstand a motion to dismiss 'even if the claim [wa]s based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice.'" *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Shah v. Cty. of Los Angeles*, 797 F.2d 743, 747 (9th Cir. 1986)).

Following the Supreme Court's decisions in *Twombly* and *Iqbal*, courts in this circuit now require that a plaintiff plead facts showing a plausible claim for municipal liability. *See AE v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012); *Mateos-Sandoval v. Cty. of Sonoma*, 942 F. Supp. 2d 890, 898-99 (N.D. Cal. Jan. 31, 2013) ("*Karim-Panahi* has not been overruled, but the Ninth Circuit has recognized that, under the Supreme Court's recent pleading jurisprudence, it is no longer clear that, without more, an allegation that an officer's conduct 'conformed to official policy, custom, or practice' continues to be sufficient to state a claim under *Monell*.") (citations omitted); *Mirabal*, 2012 WL 5425407, at *2 ("It is not enough to allege simply that a policy, custom, or practice exists that caused the constitutional violations.") (citing *AE*, 666 F.3d at 636-37).

In *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011), the Ninth Circuit held:

> Whatever the difference between [*Swierkiewicz*, *Dura Pharmaceuticals*, *Twombly*, *Erickson*, and *Iqbal*], we can at least state the following two principles common to all of them. First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

The Ninth Circuit applied this standard in *AE v. County of Tulare*, 666 F.3d at 637. In that

---

[5] In light of this, Plaintiff may wish to consider whether the facts she includes in her opposition, e.g., that the Department's employees knew that Plaintiff was handicapped based on written records and that Plaintiff's injury was so severe that her broken femur bone was protruding from her skin, should be included in her amended complaint.

case, the plaintiff was sexually abused while in foster care. *Id.* at 635. He alleged that the county was liable under *Monell* because the defendants "performed their acts and omissions 'under the ordinances, regulations, customs, and practices of Defendant COUNTY OF TULARE '" and "'maintained or permitted an official policy, custom, or practice of knowingly permitting the occurrence of the type of wrongs'" that were alleged elsewhere in the complaint. *Id.* (quoting complaint). Applying *Starr*, the Ninth Circuit held that these allegations were insufficient to state a claim, but it directed the district court to grant leave to amend the complaint to state additional facts showing that the "alleged constitutional violations were carried out pursuant to County policy or custom." *Id.* at 637.

Here, Plaintiff has failed to allege sufficient facts to establish a basis for *Monell* liability. In her opposition, Plaintiff "contends that Contra Costa County, through its Sheriff's Department, had a custom or policy to allow the assignment of paraplegic inmates to West County Detention Center, which lacks appropriate handicapped facilities." (*Id.* at 7 (citing Compl. ¶ 8).) She also contends "that the County, through its Sheriff's Department, had a custom or policy to provide crutches to paraplegic inmates, which is inconsistent with inmates' medical needs." (*Id.* at 7 (citing Compl. ¶ 11).)

These assertions, had they been contained in the complaint, would have been sufficient to survive the instant motion. They are, however, only introduced in Plaintiff's opposition, and as such, they do not cure the pleading deficiencies in the operative complaint. The paragraphs Plaintiff cites to in support of her arguments do not contain allegations concerning a policy or custom. In paragraph 8 of her complaint, Plaintiff alleges:

> On or about March 13, 2015, Plaintiff TONI DROUIN, while in the custody of Defendants CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT AND JOHN AND JANE DOES NUMBERS 1 THROUGH 10, was transferred from Martinez Jail, which contained appropriate handicapped facilities, to a section of West County Detention Center, which did not, evincing deliberate indifference to Plaintiff's medical needs.

(Compl. ¶ 8.) In paragraph 11, Plaintiff alleges, "At no time was Plaintiff provided with a wheel chair. She was given crutches, which she could not use safely, further evincing deliberate indifference to Plaintiff's medical needs." (Compl. ¶ 11.) These allegations do not provide facts

establishing a policy or custom. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 821 (1985) (a single incident is generally insufficient to establish *Monell* liability).

With respect to the remaining elements necessary to state a viable *Monell* claim, the complaint is also deficient. In her opposition, however, Plaintiff argues that she has satisfied the third and fourth elements of a *Monell* claim because she has alleged facts demonstrating a deliberate indifference to her medical needs and because "Paragraphs 12, 13, and 14 of the Complaint clearly allege that the policies identified above directly and proximately caused Plaintiff further injury and unnecessary pain." (Pl.'s Opp'n at 7, 8.)

Plaintiff's arguments are misguided, as they conflate the elements of her Eighth Amendment claim with those necessary to state a viable *Monell* claim. Paragraphs 12, 13, and 14 of the complaint read:

> 12. Foreseeably, and as a direct and proximate result of the failure of each and every defendant to provide Plaintiff with a wheel chair, Plaintiff suffered a fall in the jail on or about March 15, 2015, resulting in a severely broken femur bone, causing excruciating pain.
> 13. Subsequently, each Defendant further acted with deliberate indifference towards the medical needs of Plaintiff by failing to provide any medical attention to Plaintiff for four (4) days following her injury, despite Plaintiff's unbearable pain and repeated pleas for medical care.
> 14. As a direct and proximate result of the acts and omissions described above, Plaintiff suffered extreme pain, severe physical and emotional damages, has subsequently required repeated emergency hospitalizations due to severe infections from her injury, and may require amputation of the affected leg.

(Compl. ¶¶ 12-14.)

Though Plaintiff has alleged that there was deliberate indifference to her medical needs and that the conduct complained of here was the direct and proximate cause of her injuries, she has not alleged facts establishing the existence of a policy or custom, that any such policy or custom amounted to deliberate indifference to Plaintiff's constitutional rights, or that a policy or custom was the moving force behind the constitutional violation alleged here.

For these reasons, Plaintiff's complaint is dismissed with leave to amend.

///

///

///

## IV.   CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is GRANTED IN PART AND DENIED IN PART WITH LEAVE TO AMEND.  Plaintiff shall file her first amended complaint within 14 days of this order.

IT IS SO ORDERED.

Dated: 11/17/15

_____
KANDIS A. WESTMORE
United States Magistrate Judge