UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONI DROUIN,<br><br>   Plaintiff,<br><br>   v.<br><br>CONTRA COSTA COUNTY, et al.,<br><br>   Defendants. | Case No. 15-cv-03694-KAW<br><br>**ORDER REGARDING SERVICE OF DEFENDANTS DEPUTY GEIST AND BRENDA BALDWIN** |

On March 3, 2017, Defendant Contra Costa County filed a statement, asserting that individual Defendants Deputy Geist and Brenda Baldwin were not properly served. (Dkt. No. 71.) Specifically, Defendants asserts that with respect to all individual defendants, the service on Stacy Boyd, Clerk of the Contra Costa County Board of Supervisors, was not in compliance with Federal Rule of Civil Procedure 4 or California state law because "Ms. Boyd was not authorized to accept service on behalf of these individuals and none of these individuals work in the office of the Clerk of the Board." (*Id.* at 2.) Defendants' counsel then notified Plaintiff's counsel of the defective service, and agreed to contact the individual Defendants to determine if he was authorized to accept service on their behalf. (*Id.*) Defendants' counsel received authority to accept service from all individual Defendants except Defendant Geist (who no longer worked for Contra Costa County) and Defendant Baldwin. (*Id.*) There is no evidence in the record that Plaintiff has attempted to serve Defendants Geist and Baldwin since.

Defendant Contra Costa County requests that the Court dismiss Defendants Geist and Baldwin *sua sponte*, pursuant to Federal Rule of Civil Procedure 4(m). (*Id.* at 3.) Federal Rule of Civil Procedure 4(m) states:

> If a defendant is not served within 90 days after the complaint is

filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[1]

Accordingly, the Court ORDERS Plaintiff to explain, by **March 20, 2017**, why Defendants Geist and Baldwin should not be dismissed , given Defendants' assertion that Plaintiff has failed to properly serve these Defendants.

IT IS SO ORDERED.

Dated: March 10, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] Effective December 1, 2015, Federal Rule of Civil Procedure 4(m) was amended to reduce the time for service from 120 days to 90 days. Although Plaintiff's complaint was filed on August 12, 2015, prior to the effective date, the operative complaint was filed on November 17, 2016, after the effective date.  In such a scenario, several courts have applied the 90-day service period to defendants newly named in the amended complaint filed after the effective date. *See Thai v. United States*, Case No.: 15cv583 WQH (NLS), 2016 U.S. Dist. LEXIS 52465, at *7 (S.D. Cal. Mar. 15, 2016) (concluding that where the initial complaint was filed on March 14, 2015 and the amended complaint filed on December 27, 2015, "[f]or the  Defendants named in the SAC, they are subject to the 90-day service period, as the SAC was filed after the December 1, 2015 change to Rule 4(m)); *George v. Prof'l Disposables Int'l, Inc.*, 15-CV-3385 (RA) (BCM), 2016 U.S. Dist. LEXIS 118556, at *14 n.8 ("While plaintiff's April 30, 2015 Complaint was subject to a 120-day service window, the Amended Complaint, filed on December 22, 2015, was subject to the new 90-day service window").